**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

BANK of AMERICA N.A.,

        Plaintiff,

    v.

SOUTHERN HIGHLANDS COMMUNITY
ASSOCIATION, et al.,

        Defendants.

Case No.:  2:16-cv-00316-RFB-DJA

**ORDER**

## I.    INTRODUCTION

Before the Court is Defendant SFR Investments Pool 1, LLC's ("SFR") Motion for Default Judgment. ECF No 91. For the following reasons, the Court grants this motion.

## II.    PROCEDURAL BACKGROUND

Plaintiff Bank of America, N.A. ("Bank of America") filed a complaint against Defendants on February 17, 2016. ECF 1. On May 19, 2016, SFR filed its Answer and crossclaims against Cross-Defendant Alejandro Fragoso. ECF 25. On June 16, 2016, summons were issued and returned executed as to Fragoso. ECF No. 31. Fragoso never filed an answer to the cross-claim. ECF No. 56.  On April 11, 2019, SFR filed a motion for entry of default judgement as to Fragoso and it was entered on April 12, 2019. ECF Nos. 57,58. On July 8, 2019, SFR filed a motion for default judgement as to Fragoso. EC No. 62. Parties also filed motions for summary judgment. ECF Nos. 62,63,64,65. On September 11, 2019, this Court found that there were genuine issues of disputed fact and denied all summary judgment motions as well as SFR's motion for default judgment. ECF No. 87. SFR filed an unopposed motion for default judgment against Fragoso on May 21, 2020. ECF Nos. 91, 96. On December 7, 2020 parties stipulated to dismiss all claims, leaving SFR's cross-claim against cross-defendant Alejandro Fragoso as the only remaining claim

1  in this case. ECF Nos. 103, 105.

2  **III.   LEGAL STANDARD**

3        The granting of a default judgment is a two-step process directed by Rule 55 of the Federal

4  Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

5  The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the

6  party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ.

7  P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the

8  discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors which a

9  court, in its discretion, may consider in deciding whether to grant a default judgment include: (1)

10  the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the

11  sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of

12  material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules'

13  strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

14        If an entry of default is made, the Court accepts all well-pleaded factual allegations in the

15  complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded

16  will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847,

17  854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the

18  amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). Default

19  establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

20  **IV.   DISCUSSION**

21        In considering the seven Eitel factors, the Court finds default judgment against Alejandro

22  Fragoso is warranted. The first and sixth factors favor granting default judgment because the

23  Cross-Defendant failed to defend—or appear at all in this matter—since being served with the

24  summons and the complaint. Fragoso's failure to appear for the past four years prejudices SFR by

25  preventing it from determining injunctive relief against Fragoso. Further, Fragoso's failure to

26  appear for a substantial period of time demonstrates the lack of excusable neglect. And while the

27  seventh factor generally counsels against the granting of default judgment, Fragoso's failure to

28  appear prevents the Court from determining the cross-claims on its merits.

The second and third factors also favor a grant of default judgment. SFR seeks quiet title and injunctive relief against Fragoso. There are sufficient exhibits attached to this instant motion demonstrating SFR is entitled to the relief requested. Thus, SFR has demonstrated its claims are meritorious.

Finally, there is no money at stake to counsel against the grant of default judgment. Thus, the Court finds the <u>Eitel</u> factors favor the grant of default judgment against Cross-Defendant.

**V.      CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant SFR Investments Pool 1, LLC's Motion for Default Judgment (ECF No. 91) is GRANTED.

The Clerk of the Court is instructed to enter judgment accordingly and close this case.


DATED: <u>January 11, 2021</u>.


_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**